J-S77041-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JONATHAN DANIEL INGRAM, | : | |
| | : | |
| Appellant | : | No. 2000 EDA 2014 |

Appeal from the Judgment of Sentence Entered June 10, 2014,
in the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0001698-2012

BEFORE:  STABILE, JENKINS, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED FEBRUARY 06, 2015**

Jonathan Daniel Ingram (Appellant) appeals from the judgment of

sentence entered after a jury found him guilty of two counts each of

aggravated assault, burglary, and possessing an instrument of crime.  In

addition, Appellant's counsel seeks to withdraw from representation

pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and

***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  Upon review, we

affirm the judgment of sentence and grant counsel's application to withdraw.

The trial court summarized the facts of this case as follows.

> The charges arose from a December 24, 2011 home
> invasion that occurred at about 2:00 a.m. in Upper Darby,
> Delaware County.  [Appellant] entered a home occupied by
> Jennifer Hoban, John Miller, and Ms. Hoban's children.  Ms.
> Hoban awoke to noise and when she went from her bedroom
> into the upstairs hall she saw [Appellant], a man she did not
> know, holding two knives.  [Appellant] attacked Ms. Hoban and

---

* Retired Senior Judge assigned to the Superior Court.

stabbed her several times before she chased him from the house. She suffered, *inter alia*, serious wounds to her abdomen and emergency surgery was undertaken after she was transported to the University of Pennsylvania Hospital.

Trial Court Opinion, 8/4/2014, at 1-2.

Appellant was charged with numerous crimes related to this incident, and on February 7, 2013, a jury found Appellant guilty of the aforementioned crimes. Appellant was subsequently sentenced on March 26, 2013 to an aggregate term of 14 to 28 years' incarceration to be followed by 14 years of probation.[1] Appellant timely appealed, challenging the sufficiency of the evidence to support his convictions.

While that appeal was pending, the trial court *sua sponte* vacated Appellant's original sentence without holding a hearing or providing notice to Appellant. On September 6, 2013, Appellant was re-sentenced to an aggregate term of 15 ¼ to 30 ½ years' incarceration to be followed by 14 years of probation.[2] Appellant timely appealed challenging the legality of his new sentence. The appeals were consolidated, and on April 1, 2014, a panel of this Court affirmed Appellant's convictions with respect to the sufficiency of the evidence, but vacated his sentence because the trial "court erred in

---

[1] Notably, that sentence included a term of 10 to 20 years' incarceration, followed by 8 years' probation, for one of the counts of aggravated assault.

[2] The statutory maximum sentence for aggravated assault is 20 years' incarceration. Thus, Appellant's original sentence for aggravated assault exceeded the statutory maximum, and was therefore an illegal sentence. The amended sentence included 10 to 20 years' incarceration for aggravated assault, and no probation tail for that conviction.

modifying the sentence without holding a hearing or providing notice to [Appellant] or his attorney." *Commonwealth v. Ingram*, 100 A.3d 518 (Pa. Super. 2014) (unpublished memorandum at 15), consolidated with *Commonwealth v. Ingram* 102 A.3d 518 (Pa. Super. 2014) (unpublished memorandum). Thus, this Court remanded the case for re-sentencing.

On June 10, 2014, the trial court sentenced Appellant to an aggregate term of 15¼ to 30½ years' incarceration to be followed by 14 years of probation. That sentence included 10 to 20 years' incarceration for one count of aggravated assault, and a consecutive 4 to 8 years' incarceration for the other count of aggravated assault. The sentence also included a consecutive term of 15 to 30 months' incarceration for one of the burglary convictions, as well as a 14-year probationary tail.

Appellant timely filed a notice of appeal. On July 31, 2014, counsel filed a statement, pursuant to Pa.R.A.P. 1925(c)(4), of his intent to withdraw his representation of Appellant. The trial court then filed a Pa.R.A.P. 1925(a) opinion.

As a preliminary matter, we address counsel's application to withdraw before reaching the merits of the issues raised in the brief. *Commonwealth v. Rojas*, 874 A.2d 638, 639 (Pa. Super. 2005) (quoting *Commonwealth v. Smith*, 700 A.2d 1301, 1303 (Pa. Super. 1997)) ("When faced with a purported *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw.").

J-S77041-14

Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….

**Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

**Commonwealth v. Wrecks**, 931 A.2d 717, 720-21 (Pa. Super. 2007) (citations omitted). Our Supreme Court has expounded further upon the requirements of **Anders**:

in the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

- 4 -

Based upon our examination of counsel's petition to withdraw and *Anders* brief, we conclude that counsel has satisfied the above requirements.[3] "We, therefore, turn to the issue presented in counsel's *Anders* brief to make an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Commonwealth v. Martuscelli*, 54 A.3d 940, 947 (Pa. Super. 2012).

In his brief, Appellant's counsel states one issue that might arguably support an appeal: "Whether the sentence imposed upon [Appellant] was harsh and excessive under the circumstances?" *Anders* Brief at 3.

Appellant's claim challenges the discretionary aspects of his sentence. It is well-established that

> [s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Hyland*, 875 A.2d 1175, 1184 (Pa. Super. 2005) (quoting *Commonwealth v. Rodda*, 723 A.2d 212, 214 (Pa. Super. 1999)).

Where an appellant challenges the discretionary aspects of a sentence there is no automatic right to appeal, and an appellant's appeal should be considered to be a petition for allowance of appeal. *Commonwealth v.*

---

[3] Appellant has not responded to counsel's application to withdraw.

***W.H.M.***, 932 A.2d 155, 163 (Pa. Super. 2007). As we observed in

***Commonwealth v. Moury***, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Id***. at 170 (citing ***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006)).

"The determination of whether a substantial question exists must be determined on a case-by-case basis." ***Commonwealth v. Hartman***, 908 A.2d 316, 320 (Pa. Super. 2006) (citation omitted). This Court has explained that: "[a] substantial question exists where an appellant advances a colorable argument that the sentencing judge's actions [were] either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Id.*** (quoting ***Commonwealth v. Koren***, 646 A.2d 1205, 1208 (Pa. Super. 1994)).

Instantly, Appellant has met the first prong of this test by timely filing a notice of appeal. However, Appellant has failed to preserve properly his

discretionary aspects of sentencing issue at sentencing or in a timely-filed motion to reconsider sentence pursuant to Pa.R.Crim.P. 720. Moreover, the *Anders* brief does not contain a Rule 2119(f) statement, and the Commonwealth has objected to its absence. Thus, Appellant's claim is waived. *See Commonwealth v. Montgomery*, 861 A.2d 304, 308 (Pa. Super. 2004) ("Where an appellant fails to comply with Pa.R.A.P. 2119(f) and the Commonwealth objects, the issue is waived for purposes of review.").

Even if Appellant had preserved the issue,[4] he would still not be entitled to relief. In support of his claim, Appellant cites several so-called mitigating factors present in this case: 1) that the victim has made a complete recovery; 2) that Appellant was 24 years old at the time of his arrest and had not committed any crimes as an adult; and 3) that Appellant had a difficult childhood and 4) that Appellant is the father of three children and was concerned about his responsibilities to them. *Anders* Brief at 7-8. However, an argument that the trial court did not consider adequately mitigating sentencing factors does not raise a substantial question. *See Commonwealth v. Marts*, 889 A.2d 608, 615 (Pa. Super. 2005)

---

[4] *See Commonwealth v. Lilley*, 978 A.2d 995, 998 (Pa. Super. 2009) (citing *Commonwealth v. Hernandez*, 783 A.2d 784, 787 (Pa. Super. 2001) (explaining that despite waiver, *Anders* requires examination of the merits of the issue appellant seeks to raise)).

(explaining that a claim that the trial court did not consider adequately mitigating factors does not raise a substantial question).

For the above reasons, we agree with counsel that this appeal is wholly frivolous. Thus, we affirm the judgment of sentence and grant counsel's application to withdraw.

Judgment of sentence affirmed. Application to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/6/2015